IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | | |
|---|---|---|
| RICHARD E. KARR, | ) | Case No. 2:07-CV-01773-MMS |
| Petitioner, | ) ) | ORDER |
| v. | ) ) | |
| D.K. SISTO, Warden, et al., | ) ) | |
| Respondents. | ) ) | |

Pro se Petitioner Richard Karr, an inmate at California State Prison, Solano, seeks a writ of habeas corpus under 28 U.S.C. § 2254 challenging the September 20, 2006 decision of the California Board of Parole Hearings ("BPH") denying him parole and the California court's denial of his petition for habeas relief. Petitioner alleges the denial of parole violated his rights under the Sixth and Fourteenth Amendments of the Constitution. Having considered the arguments of the parties, the Court DENIES the petition for the reasons stated below.

**BACKGROUND**

In 1974, Karr and several accomplices murdered a man after learning he had been working undercover on behalf of law enforcement. The man was gagged, beaten, and then thrown into the trunk of Karr's automobile. The group then threw

the victim off the San Mateo bridge, and he was found floating in the San Francisco Bay the next day.  A jury convicted Karr of first degree murder and he was sentenced to death.  His sentence was later lowered to an indeterminate life sentence after the California Supreme Court ruled the death penalty unconstitutional.  Karr has been denied parole over 20 times.

The BPH most recently denied parole at Karr's September 2006 hearing. The Board focused on the brutal nature of the crime, noting that the victim had been gagged and beaten prior to being thrown over the bridge.  The BPH also cited to Karr's inadequate participation in self-help programs, prison disciplinary record, and lack of "concrete" post-incarceration employment plans.  The BPH recognized that there was considerable evidence that Karr was suitable for parole, but ultimately determined that he still required more time in prison.

The Superior Court denied his petition for habeas corpus, finding first, that the record supported the BPH conclusion that the murder was conducted in a cruel and dispassionate matter.  The court next found the record supported the conclusion that Karr had not participated in an adequate amount of self-help, and that he lacked adequate post-parole plans.  The court also pointed to the BPH findings that Karr had a number of disciplinary violations in prison.  The court finally rejected as meritless Karr's argument that his continued confinement was contrary to the Supreme Court decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000).  The state court of appeal and Supreme Court denied his appeals without discussion.

Karr filed a timely federal habeas petition.

**DISCUSSION**

Under California law, prisoners serving indeterminate life sentences become eligible for parole after serving a minimum term of confinement.  *In re*

*Dannenberg*, 104 P.3d 783, 785-86 (Cal. 2005). California regulations state that "a life prisoner shall be found unsuitable for and denied parole if in the judgment of the panel the prisoner will pose an unreasonable risk of danger to society if released from prison." Cal. Code Regs. tit. 15, § 2402(a). In making this suitability determination, the BPH looks to factors such as the nature of the commitment offense, the prisoner's record of violence, social history, behavior in prison, and any other information relevant to whether the prisoner poses an unreasonable risk to society. *See* Cal. Code Regs. tit. 15 § 2402(b)-(d).

If the prisoner files a state habeas petition, the state court reviews the decision of the BPH to determine whether "some evidence" supports the unsuitability determination. *See In re Shaputis*, 190 P.3d 573, 580-81 (Cal. 2008). California has defined "some evidence" to mean that the BPH's determination "must have some indicia of reliability." *In re Scott*, 15 Cal. Rptr. 3d 32, 52 (2004) (internal quotation marks omitted). A decision is not supported by "some evidence" if the BPH denies parole solely on the basis of facts of the commitment offense. *See In re Lawrence*, 190 P.3d 535, 549 (Cal. 2008).

In *Hayward v. Marshall*, 603 F.3d 546 (9th Cir. 2010) (en banc), the Ninth Circuit explained the standard federal courts are to apply in reviewing the California court's denial of habeas relief to a prisoner challenging the BPH's denial of parole. The court held that a federal court may grant a writ of habeas corpus only if the "decision rejecting parole was an 'unreasonable application' of the California 'some evidence' requirement, or was 'based on an unreasonable determination of the facts in light of the evidence.'" *Id.* at 562-63. The Court here must therefore decide whether the California Superior Court's decision upholding the BPH's denial of parole unreasonably applied California's "some evidence" standard. *Id.* Because the state court did not explain its reasoning, this court

3

1 conducts an independent review of the record to determine whether the state court
2 unreasonably applied the "some evidence" standard. *See Pirtle v. Morgan*, 313
3 F.3d 1160, 1167 (9th Cir. 2002).

4     The record in this case supports the BPH determination that Karr was not
5 suitable for parole. As was found by the BPH, the murder was conducted in a cruel
6 and callous manner, and the Board properly relied on this finding in denying
7 parole. *See* Cal. Code Regs. tit. 15, § 2042(c)(1). Karr's victim was gagged,
8 beaten, thrown into the trunk of a car, and thrown off a bridge. The severity of the
9 crime was such that the Karr's initial trial resulted in a death sentence.

10     A state court cannot rely, however, *solely* on the facts of the murder in
11 denying a petitioner parole. *See Cooke v. Solis*, 606 F.3d 1206, 1214 (9th Cir.
12 2010). The court therefore also pointed to Karr's lack of employment plans and
13 prison disciplinary record.

14     The state court reasonably determined that Karr lacked adequate post
15 incarceration employment plans. Karr is trained as an optician and had in prior
16 years obtained letters from employers indicating they would hire him if released.
17 At the 2006 hearing, however, Karr produced no such letters or any evidence that
18 he had any meaningful employment prospects. It was therefore reasonable for the
19 state court to determine that Karr had failed to produce enough evidence that he
20 could find a job if released. *See* Cal. Code Regs, tit. 15, § 2402(b).

21     The BPH and state court also relied on Karr's record of misconduct of
22 prison, which includes assault on an inmate, and possession of alcohol, drugs, and
23 drug paraphernalia. Although Karr has remained disciplinary free for a number of
24 years, the volume of these prior acts provide evidence of unsuitability. *See* Cal.
25 Code Regs. tit. 15, § 2402(c)(6).

26     Petitioner's *Apprendi* claim is also without merit. Petitioner argues that the

27

28     4

BPH violated his constitutional rights in denying parole by relying on facts not submitted to a jury and found beyond a reasonable doubt. Specifically, Petitioner argues that any finding about the severity of the commitment offense that factors into a parole denial must be submitted to a jury. *Apprendi* held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 489. It applies to trial court sentencing proceedings, not to post-conviction determination for which there is no right to a jury trial. *See United States v. Huerta-Pimental*, 445 F.3d 1220, 1225 (9th Cir. 2006). Moreover, Karr is serving an indeterminate life sentence, and his "statutory maximum" is the rest of his life. No BPH finding could possibly increase his incarceration past that point.

## CONCLUSION

For the above reasons, the petition for a writ of habeas corpus is DENIED. A certificate of appealability is also DENIED because Petitioner has failed to show his claims are "debatable among reasonable jurists." *See id.* at 555.

DATED:    September 8, 2010

/s/ *Mary M. Schroeder*
MARY M. SCHROEDER,
United States Circuit Judge
Sitting by designation